GIBSON vs. THE STATE OF GEORGIA.*

1. Where an indictment contained two counts, the first of which properly charged defendant with forging an order for money, and the second with fraudulently and falsely uttering the same, without alleging any intent to defraud, or that it was uttered as true, while the latter count is insufficient in law, a demurrer to the entire indictment, not specially setting forth any objection to the second count, was rightly overruled.

2. When a verdict is rendered finding a defendant guilty upon a count in an indictment for uttering a forged order for money, there being no allegation in the count of an intent to defraud, or that the order was uttered as true, defendant's proper remedy is a motion in arrest of judgment.

3. A writing in these words: "January 11, 1886, Mr. Price, please let Tom Mason have five dollars, $5.00, for Thomas Parker, Macon, Ga." is an order for money, and an indictment for forging or uttering such an order should be based on section 4442, and not section 4450, of the code. (Head-notes by the court.)

February 6, 1888.

Indictment. Demurrer. Verdict. Motion in arrest of Judgment. Before Judge SIMMONS. Bibb Superior Court. October Adjourned Term, 1886.

Reported in the decision.

J. C. HOWLAND; HARDEMAN & DAVIS, for plaintiff in error.

J. L. HARDEMAN, solicitor-general, for the State.

LUMPKIN, Judge.

1. Clinton Gibson was indicted in Bibb superior court upon an indictment containing two counts. The first charged that he did " fraudulently make, forge and sign an order for money, to-wit: ' January 11, 1886, Mr. Price, please let Tom Mason have five dollars, $5.00, for Thomas Parker, Macon, Ga. '; the same being done with intent to

*SIMMONS, J., being disqualified, Judge LUMPKIN, of the Northern circuit, was designated to preside in his stead.

defraud W. F. Price, said order being neither made nor authorized by said Thomas Parker." The second charged that he did " fraudulently and falsely utter and pass and demand and receive payment on a false and fraudulent order on W. F. Price [here the above order is again set forth], he knowing the same to be false and fraudulent and forged."

The defendant demurred in writing to the entire indictment on various grounds, but none of them referred specially to the second count, nor did any of them allege, as objections to its sufficiency, that it failed to charge an intent by the defendant to defraud, or that he uttered the forged paper as true. If these objections had been made, they should have been sustained, but as the first count contained a valid and sufficient charge of forgery, the court did right in overruling the demurrer as made.

2. After the trial began, the State abandoned the first count and relied entirely upon the charge contained in the second, and upon this count the defendant was found guilty. We are of the opinion that this verdict ought not to stand, and that defendant's proper remedy would have been a motion in arrest of judgment, which, however, he did not make. In the case of *Couch vs. The State*, 28 *Ga.* 367, this court held that, to complete the offence of uttering a forged paper, it must be published as true and with intent to injure somebody. The indictment is not set forth in the report of that case, but the presumption is that it charged the publication as true and the intent to defraud, because the court stated, in the opinion, that if the jury had found the prisoner guilty generally, the verdict would have been good.

The point arose there upon the verdict itself which found defendant " guilty of publishing and passing the receipt in question, knowing it to be a forgery." This verdict was held to be a mere nullity upon which no judgment could be founded, because it failed to find that the defendant passed the paper as true, and with intent to defraud.

· If such a verdict was a nullity, it follows that an indictment wanting in these essential allegations is also a nullity, on which no conviction can be legally sustained, and that the proper way to set aside a verdict of guilty thereon would be a motion to arrest the judgment.

The ruling in *Couch's* case is affirmed in the case of *Stephens vs. The State,* 56 *Ga.* 604, in which the defendant in one count of the indictment was charged with having falsely and fraudulently passed and uttered as true a forged order for goods, and a similar verdict was rendered.

3. It was insisted for the State before this court that the instrument set forth in the indictment in this case came within the provisions of section 4450 of the code, which relates to the forging and uttering of notes, bills, drafts or checks, and that if it did, it was not necessary to allege or prove the paper in question was uttered as true, or with intent to defraud. In support of the latter position, the State's counsel relied on the ruling in *Phillips vs. The State,* 17 *Ga.* 459, where it was held that an indictment under the statute, now embodied in the code at section 4453, providing for the punishment of forging in a fictitious name, need not allege the act was done to defraud. The decision in that case was put expressly on the ground that, in the particular species of forgery provided for by this statute, such an allegation was not required, and it is argued there is no such requirement in section 4450. It is not necessary to decide whether, if the case at bar fell under the last named section, the allegations of uttering as true and with intent to defraud would be essential or not, because, in our opinion, the case falls squarely under section 4442. The indictment properly calls the paper " an order for money." The instrument being set out in full, speaks for itself, and of course, if it was not an order for money, so designating it would not make it one, but the solicitor-general gave it its correct name.

·· In the case of *Hoskins vs. The State,* 11 *Ga.* 92, the defendant was indicted for forging a paper called an order,

.of which the following is a copy: "Mr. Hoary—Please let William Hoskins have fifteen dollars' worth in your store, and oblige me. October 29, 1851. H. W. Vines." The court held (pp. 100–102) that the section relating to notes, bills, drafts and checks (now 4450) did not apply to this instrument, because it was neither, but that the instrument fell under the general section (now 4442), because that section did provide for orders for money or goods, and this was an order for goods.

In the case now under consideration, the paper was an order for money; and therefore under the above ruling, defendant should have been indicted under section 4442 of the code. It was further insisted by the State's counsel that even if this section did apply, the second count in the indictment was sufficient, because it substantially alleged all that was necessary; but this position is not tenable, first, because there is no pretence that the uttering as true was alleged at all; and second, because the intent to defraud must be distinctly alleged.

The court by its charge put the case under section 4450 of the code, using the language thereof, and stating to the jury that the punishment, in case of conviction, would be imprisonment in the penitentiary from two to ten years.

Error was properly assigned upon this charge, the case, as has been shown, falling under section 4442, which prescribes a punishment of not less than four nor more than ten years in the penitentiary.

The judgment below is reversed.