## 18634. SIMS v. THE STATE.

An indictment under the Penal Code, § 249, which fails to charge an intent to defraud, is fatally defective.

The indictment in this case was absolutely void, and the motion to arrest the judgment should have been sustained.

DECIDED MARCH 7, 1928.

Banks and Banking, 7 C. J. p. 675, n. 10.
Criminal Law, 16 C. J. p. 1257, n. 1.

Passing counterfeit check; from Fulton superior court—Judge Moore, November 5, 1927.

*Fred W. Flint, Louis H. Foster,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

BROYLES, C. J.   The indictment in this case was drawn under section 249 of the Penal Code of 1910.   That section provides: "If any person shall designedly, by color of any counterfeit letter or writing made in any other person's name, or fictitious name, obtain from any person money or other valuable thing, *with intent to defraud* any person, mercantile house, body corporate, or company of the same [italics ours], he shall be punished by imprisonment and labor in the penitentiary for not less than two nor longer than seven years."   The indictment (formal parts omitted) charged the accused "with the offense of felony," for that said accused, "in the County of Fulton and State of Georgia, on the 7th day of April, 1927, with force and arms, did designedly, by color of the following counterfeit check and writing, to wit:

'Anniston National Bank 64-3.   Anniston, Ala.   4/7/1927.

'Pay to the order of A. M. Sims & Co. one hundred twenty-three & 80/100 dollars.                                        J. S. Jamerson'

same being made in the fictitious name of J. S. Jamerson, obtain of and from The Atlanta & Lowry National Bank, a corporation, one hundred and twenty-three dollars and eighty cents in money, of the value of one hundred and twenty-three dollars and eighty cents, and the property of the said The Atlanta & Lowry National Bank, contrary to the laws of said State, the good order, peace, and dignity thereof."

It is obvious, from the language of the statute, that the gist of the offense is *the intent to defraud.*   It follows that an indictment drawn under that section of the Code, which fails to charge such an intent, is fatally defective, and that a verdict and judgment of guilty thereon should be set aside on a motion to arrest the judgment.   See in this connection, *Couch* v. *State,* 28 *Ga.* 367; *Stephens* v. *State,* 56 *Ga.* 604; *Gibson* v. *State,* 79 *Ga.* 344 (5 S. E. 76).

The court erred in denying the motion in arrest of judgment.

*Judgment reversed.   Luke, J., concurs.   Bloodworth, J., absent on account of illness.*