27085. THOMPSON *v.* THE STATE.

Decided October 1, 1938.

*James R. Venable, B. J. Dantone*, for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, E. E. Andrews*, contra.

Broyles, C. J. 1. Where an indictment is absolutely void in that it fails to charge the accused with any act made a crime by the law; and where upon the trial no demurrer to the indictment is interposed, and the accused is convicted of the alleged offense charged in the indictment and judgment is entered up on the verdict, the "defendant's proper remedy is a motion in arrest of judgment." *Gibson* v. *State*, 79 *Ga.* 344 (2), 346 (5 S. E. 76).

2. "Defects in an indictment afford no ground for a new trial. Exceptions which go merely to the form should be made before trial. For matters affecting the real merits, *the remedy, after trial, is by motion in arrest of judgment.*" (Italics ours.) *White* v. *State*, 93 *Ga.* 47 (19 S. E. 49); *Gibson* v. *State*, supra. See also *Sims* v. *State*, 37 *Ga. App.* 819 (142 S. E. 464), where this court held that the indictment was fatally defective, and that the court erred in denying the motion to arrest the judgment; and *Sims* v. *State*, 37 *Ga. App.* 821 (which involved the same alleged transaction and crime, and the same trial as in the *Sims* case, 37 *Ga. App.* 819), where this court held that the trial court did not err in overruling the *motion for new trial,* and affirmed that judgment. Sims had but one trial, and after the verdict and judgment his motion for new trial was overruled, and his motion in

arrest of judgment was denied, and he excepted to each of those judgments in separate bills of exceptions.

3. In the instant case, no demurrer to the indictment was interposed; and after the trial and the defendant's conviction a motion for new trial was overruled, and to that judgment the defendant excepted. No motion in arrest of judgment was made. Conceding, but not deciding, that the indictment was a nullity and that a motion to arrest the judgment would have been good, the defendant could not make said nullity a ground of her motion for a new trial. Her proper remedy was a motion in arrest of judgment. It follows that the judgment overruling the motion for new trial must be

*Affirmed. MacIntyre and Guerry, JJ., concur.*