63452. WILLIAMS et al. v. THE STATE.

CARLEY, Judge.

Appellants were tried under an indictment purportedly alleging the crime of arson in the first degree. At the close of the evidence,

appellants moved for a directed verdict of acquittal on the ground that the indictment was "totally defective." The trial court agreed that the indictment failed to allege the crime of arson in the first degree and granted the motion for directed verdict of acquittal as to that crime. However, the trial court did allow the case to go to the jury on the question of appellants' guilt of the lesser included offense of arson in the second degree. The jury returned its verdict finding appellants guilty of that crime. Appellants appeal from the judgment of conviction of arson in the second degree, enumerating as error the failure of the trial court to grant a directed verdict of acquittal as to that crime.

Appellants' argument that the trial court erred in denying their motion for directed verdict of acquittal as to arson in the second degree is premised upon the asserted insufficiency of the indictment to allege the crime of arson in the first degree. They do not contend that arson in the second degree is not a lesser included offense of arson in the first degree nor do they contend that the evidence would not authorize a finding of their guilt of arson in the second degree. What appellants do assert is that the indictment as drawn was insufficient to allege the crime of arson in the first degree and that their conviction under that indictment for arson in the second degree cannot stand.

" 'Where the accused desires to take exception to the form of an indictment or accusation, it is essential that he should do so by a demurrer or motion to quash, made in writing and before pleading to the merits. If, however, the indictment or accusation is so defective that judgment upon it would be arrested, attention may be called to this defect at any time during the trial, and it may be quashed on oral motion . . .' [Cit.]" *Gower v. State,* 71 Ga. App. 127 (30 SE2d 298) (1944). A motion for a directed verdict of acquittal is not the proper way to contest the sufficiency of an indictment. A motion for a directed verdict of acquittal under Code Ann. § 27-1802 addresses the sufficiency of the evidence, not the sufficiency of the underlying indictment. Cf. *Cox v. State,* 3 Ga. App. 609, 610 (3) (60 SE 283) (1907). When an indictment is absolutely void in that it fails to charge the accused with any act made a crime by the law and, upon the trial, no demurrer to the indictment is interposed and the accused is convicted under the indictment and judgment is entered on the verdict, the accused's proper remedy is a motion in arrest of judgment or habeas corpus. *Thompson v. State,* 58 Ga. App. 452 (1) (198 SE 805) (1938); *Lancaster v. State,* 83 Ga. App. 746 (2) (64 SE2d 902) (1951).

The application of the aforesaid principles of law to the facts of the instant case demonstrates the following: Appellants could have

but did not demur to the alleged void indictment before or during trial. Instead they invoked a ruling by the trial court on the sufficiency of the evidence and were successful in obtaining a directed verdict of acquittal as to the greater charge of arson in the first degree. The error, if any, was in the granting of appellants' motion for a directed verdict of acquittal on the grounds urged in support of the motion, which grounds went to the form of the indictment rather than to the evidence adduced at trial. Code Ann. § 27-1802. If the trial court had construed appellants' motion as a motion to quash and had granted it on that basis, all proceedings pursuant to the indictment would have terminated. However, the simple fact is that the trial court did not construe appellant's motion as a motion to quash. Instead, the trial court granted appellants what they requested, a motion for directed verdict of acquittal, the ultimate effect of which was merely to eliminate the issue of arson in the first degree from the case and to allow the case to go to the jury on the issue of appellants' guilt, under the unquashed indictment, of the lesser offense of arson in the second degree. Code Ann. § 26-505. Thus, it clearly appears that appellants' conviction for arson in the second degree was pursuant to an underlying unquashed indictment. No motion in arrest of the judgment of conviction was made. "Conceding, but not deciding, that the indictment was a nullity and that a motion to arrest the judgment would have been good," appellants cannot make said underlying nullity the basis for attacking their convictions on the general grounds. *Thompson,* 58 Ga. App. at 453, supra.

On the record before us, the only issue we have presented for review is the propriety of the denial of appellants' motion for a directed verdict of acquittal as to arson in the second degree. This issue is determined, not by the sufficiency of the indictment, but by whether the evidence adduced at trial demanded a verdict of "not guilty." Code Ann. § 27-1802. Appellants in their brief do not contest the sufficiency of the evidence to support a verdict of guilty of arson in the second degree. Our independent review of the record demonstrates that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellants' guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, it was not error to deny appellants' motion for a directed verdict of acquittal and we affirm, as against any arguments asserted on appeal, the convictions in their present posture. *Thompson,* 58 Ga. App. 452, 453 (3), supra. Compare *Sims v. State,* 37 Ga. App. 819 (142 SE 464) (1928) (denial of motion to arrest judgment on basis of void indictment reversed on appeal); *Sims v. State,* 37 Ga. App. 821 (142 SE 464) (1928) (in same case denial of

motion for new trial on general grounds affirmed on appeal). The issue of whether the indictment underlying appellants' convictions was void must await determination until such time as appellants avail themselves of the proper procedures for attacking the conviction on that basis.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MAY 13, 1982.

*Michael D. Hurtt, C. Lee Daniel,* for appellants.
*Stephen A. Williams, District Attorney,* for appellee.