### 76441. ECHOLS v. THE STATE.
(371 SE2d 682)

CARLEY, Judge.

Appellant was tried before a jury on an accusation which charged her "with the offense of OBSTRUCTION OF OFFICER O.C.G.A. (16-10-24) for that the said accused . . . on the 18th day of July, 1987, did unlawfully then and there knowingly and willfully obstruct and hinder Archie McKinney, a law enforcement officer in the lawful discharge of his official duties by hindering the apprehension of Alvin Marshall in that the said [appellant] stated to Deputy McKinney that Alvin Marshall was not at the residence when, in fact, he was, contrary to the laws of this State, the good order, peace and dignity thereof."

At trial, Deputy McKinney testified that, in his attempt to serve

the arrest warrant, appellant had not only misinformed him about Marshall's presence in the house, but, that she also had attempted to prevent his entry into the house by latching the screen door. Deputy McKinney further testified that, after he had entered the house and had placed Marshall under arrest, appellant stated that she would not permit them to leave and had then physically placed herself between the door and the officer and his arrestee. Deputy McKinney also testified that, while appellant was blocking the exit, she had refused to comply with his orders to step aside and allow them to pass, and would not yield when he attempted to push her aside gently. According to Deputy McKinney, rather than escalate the physical confrontation, he made no further attempt to remove Marshall from the house until other officers had arrived at the scene.

At the close of the State's evidence, appellant moved for a directed verdict of acquittal, on the ground that the accusation had failed to allege that there had been any physical contact with Deputy McKinney in appellant's attempts to prevent Marshall's arrest. The trial court denied appellant's motion. The jury returned a verdict of guilty. Appellant appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict.

Appellant enumerates as error only the trial court's failure to grant her motion for a directed verdict of acquittal.

" ' "Where the accused desires to take exception to the form of an indictment or accusation, it is essential that he should do so by a demurrer or motion to quash, made in writing and before pleading to the merits. If, however, the indictment or accusation is so defective that judgment upon it would be arrested, attention may be called to this defect at any time during the trial, and it may be quashed on oral motion . . ." [Cit.]' [Cit.] A motion for a directed verdict of acquittal is not the proper way to contest the sufficiency of an [accusation]. A motion for a directed verdict of acquittal under [OCGA § 17-9-1] addresses the sufficiency of the evidence, not the sufficiency of the underlying [accusation]. [Cit.] When an [accusation] is absolutely void in that it fails to charge the accused with any act made a crime by the law and, upon the trial, no demurrer to the [accusation] is interposed and the accused is convicted under the [accusation] and judgment is entered on the verdict, the accused's proper remedy is a motion in arrest of judgment or habeas corpus. [Cits.] The application of the aforesaid principles of law to the facts of the instant case demonstrates the following: [Appellant] could have but did not demur to the alleged void [accusation] before or during trial. Instead [she] invoked a ruling by the trial court on the sufficiency of the evidence and [was] [un]successful in obtaining a directed verdict of acquittal. . . . [It would have been] error, . . . [for the trial court to grant appellant's] motion for a directed verdict of acquittal on the grounds urged in

support of the motion, which grounds went to the form of the [accusation] rather than to the evidence adduced at trial. [Cit.] If the trial court had construed [appellant's] motion as a motion to quash and had granted it on that basis, all proceedings pursuant to the [accusation] would have terminated. However, the simple fact is that the trial court did not construe appellant's motion as a motion to quash. Instead, the trial court [denied appellant] what [she] requested, a motion for directed verdict of acquittal, the ultimate effect of which was . . . to allow the case to go to the jury on the issue of [appellant's] guilt, under the unquashed [accusation], of the . . . offense of [obstruction of an officer]. [Cit.] Thus, it clearly appears that [appellant's] conviction for [obstruction of an officer] was pursuant to an underlying unquashed [accusation]. No motion in arrest of the judgment of conviction was made. 'Conceding, but not deciding, that the [accusation] was a nullity and that a motion to arrest the judgment would have been good,' [appellant] cannot make said underlying nullity the basis for attacking [her conviction] on the general grounds. [Cit.]" *Williams v. State*, 162 Ga. App. 350, 351-352 (291 SE2d 425) (1982).

"On the record before us, the only issue we have presented for review is the propriety of the denial of [appellant's] motion for a directed verdict of acquittal as to [obstruction of an officer]. This issue is determined, not by the sufficiency of the [accusation], but by whether the evidence adduced at trial demanded a verdict of 'not guilty.' [Cit.]" *Williams v. State*, supra at 352. There was evidence produced at appellant's trial from which the jury could find that she not only knowingly and willfully refused to obey a law enforcement officer while he was performing his official duties, but that she also physically obstructed and resisted the officer. From the evidence produced at trial, a rational trior of fact could reasonably have found appellant guilty beyond a reasonable doubt of the offense of obstructing an officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Sapp v. State*, 179 Ga. App. 614 (1) (347 SE2d 354) (1986); *Carr v. State*, 176 Ga. App. 113, 114 (1) (335 SE2d 622) (1985). Compare *In re G. M. M.*, 179 Ga. App. 800, 801 (1) (348 SE2d 126) (1986). "A trial court must grant a motion for directed verdict unless, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. [Cit.]" *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981). Accordingly, the trial court did not err in denying appellant's motion for directed verdict.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 15, 1988.

*James C. Wyatt*, for appellant.
*Stephen F. Lanier, District Attorney, H. Harold Chambers, Assistant District Attorney*, for appellee.