A96A1221, A96A1222. SIMMONS v. THE STATE (two cases).
(474 SE2d 253)

BLACKBURN, Judge.

On November 28, 1995, after a bench trial, Norman Simmons was convicted under two separate indictments of theft by taking.[1] Simmons was sentenced to serve five years for each conviction, to run concurrently. The sentences were probated on the conditions that Simmons spend a term of 60 to 120 days in a detention center, and for each conviction Simmons was required to pay a $1,000 fine, to make restitution,[2] and to perform 50 hours of community service. On December 14, 1995, Simmons filed a motion to modify sentence which was not ruled upon by the trial court prior to Simmons' notice of appeal filed on December 28, 1995.

1. By five enumerations of error, Simmons contends the trial court erred in rendering the sentence imposed. However, no objection was raised during the sentencing portion of the trial. Therefore, Simmons is not entitled to a review of that phase. See *Moody v. State*, 206 Ga. App. 387, 391 (425 SE2d 397) (1992); *Chapman v. State*, 154 Ga. App. 532 (4) (268 SE2d 797) (1980).

Moreover, Simmons' claims that the sentence imposed is excessive are without merit. At trial, Simmons admitted that he had an agreement to cut timber off the victim's property but, contrary to the agreement, he paid nothing to the victim. In the second case, Simmons admitted to cutting trees from his neighbor's property without compensating his neighbor for the timber. Pursuant to OCGA § 16-8-12 (a) (1), the sentence prescribed for theft of property exceeding $500 in value is "imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor." In the present case, the trial court did not abuse its discretion as Simmons admitted that the timber he took from each victim

---

[1] The State's action for revocation of Simmons' probation was abandoned after Simmons' convictions. Simmons appealed both convictions which have been combined on appeal. Simmons asserted identical enumerations of error in each appeal.

[2] Restitution of $925 in one case and $1,000 in the other case was required.

was worth over $500.

2. On appeal, for the first time, Simmons contends his trial counsel was ineffective. In *Glover v. State*, 266 Ga. 183 (2) (465 SE2d 659) (1996), our Supreme Court determined that a defendant's failure to raise a claim of ineffective assistance of counsel in a motion for new trial "is a procedural bar to raising the claim at a later date." Id. at 184. In the present case, rather than filing a motion for new trial, Simmons' appellate counsel filed a motion to modify sentence and then filed a notice of appeal. Therefore, Simmons' claim for ineffective assistance of counsel is procedurally barred and we do not address it on the merits.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 23, 1996 —
RECONSIDERATION DISMISSED AUGUST 8, 1996 —

*Bobby J. Braswell*, for appellant.

*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.