## A98A2091. McCURTY v. THE STATE.
### (506 SE2d 418)

ELDRIDGE, Judge.

Undrea McCurty was convicted after a jury trial for the offenses of armed robbery and possession of a firearm during the commission of a crime. It is from the denial of his motion for new trial that McCurty appeals.

During the early morning hours of December 2, 1997, at approximately 2:00 a.m., McCurty entered the Just Jacky's convenience store, pointed a gun at employee Diane Thomas, and demanded money. Thomas opened the cash register and, at McCurty's direction, put the money in a paper bag and gave the bag to McCurty. After checking the register to make sure Thomas had put all the money in the paper bag, McCurty ran from the store. The armed robbery was recorded on videotape and shown to the jury.

Phillip Gordon arrived at Just Jacky's as Thomas was phoning the police for help. Gordon testified that, as he was driving into Just Jacky's parking lot, he noticed what appeared to be headlights at the storage building across the road and then saw a small Escort exit the storage area at a high speed.

Shortly after the police dispatch gave a lookout on the armed robbery, Deputy Donald Gibson of the Carroll County Sheriff's Department spotted a vehicle traveling at a high rate of speed on Highway 166 East; the vehicle matched the description of the vehicle used in the armed robbery. When Deputy Gibson activated his blue lights, the vehicle began to weave across the roadway. Eventually the vehicle pulled over. As Deputy Gibson was removing McCurty from

the vehicle, he noticed a blue bandanna, a blue sweatshirt, and a black hat in the front passenger area of the vehicle. Deputy Gibson placed McCurty under arrest. Deputy Richard Harrison, who assisted Deputy Gibson in the arrest, found a gun hidden underneath the blue sweatshirt and a paper bag which contained money under the front passenger seat.

Both in a statement to police and at trial, McCurty admitted entering Just Jacky's, pointing a gun at Thomas, and demanding money. At trial, McCurty testified that he had been smoking marijuana all day and was not "thinking about what he was doing." He further testified that the gun he used would not fire because it had a shell jammed in it and a broken chamber.

In his sole enumeration of error, McCurty claims ineffective assistance of counsel.

"A defendant bears the burden of establishing that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). The trial court's finding of effectiveness must be upheld unless clearly erroneous. *Powell v. State*, 210 Ga. App. 409, 414 (6) (c) (437 SE2d 598) (1993). A reviewing court need not address both components of an ineffective assistance of counsel claim if the appellant makes an insufficient showing of one. *Thompson v. State*, 191 Ga. App. 906 (1) (383 SE2d 339) (1989)." *Capers v. State*, 220 Ga. App. 869, 871 (470 SE2d 887) (1996).

1. McCurty complains generally of his trial counsel's failure to object to any of the State's evidence or motions.

At the motion for new trial hearing, trial counsel testified that, in light of the overwhelming evidence, it was part of his overall trial strategy to convince the jury to find McCurty guilty of the lesser included offense of robbery by intimidation. Trial counsel further testified that "I felt like it would be an error to insult the intelligence of the jury by challenging things that I just didn't feel like we could succeed in challenging and ultimately getting their sympathy more by being straight up and saying yes, this is what happened, but do this for us."

"Trial strategy and tactics do not equate with ineffective assistance of counsel. The fact that [McCurty] and his present counsel disagree with the decisions made by trial counsel does not require a finding that [McCurty's] original representation was inadequate." (Citations and punctuation omitted.) *Nihart v. State*, 227 Ga. App. 272, 273 (488 SE2d 740) (1997).

Further, McCurty failed to point to any specific instances during

the trial where he contends trial counsel should have objected. Therefore, since McCurty "has failed to show the evidence, even if objected to, was inadmissible, the failure to properly object does not establish ineffective assistance of counsel." *Brinson v. State,* 191 Ga. App. 151, 155 (381 SE2d 292) (1989).

2. McCurty also points to the fact that trial counsel did not enter any physical evidence into evidence. However, McCurty does not state what physical evidence, if any, existed that trial counsel should have placed into evidence or show any prejudice to his defense. Therefore, McCurty has failed to meet his burden of establishing that his trial counsel's performance was deficient in this regard.

3. McCurty also argues that his trial counsel failed to file any motions on his behalf. "[T]he failure of trial counsel to file pretrial motions demanding access to evidence is clearly harmless where, as in the case sub judice, the defense has obtained the informal cooperation of the prosecutor to review the State's file." (Citations and punctuation omitted.) *Johnson v. State,* 216 Ga. App. 858, 859 (456 SE2d 251) (1995).

4. McCurty's final argument is that his trial counsel failed to object to the trial court's recharge on the definitions of armed robbery and robbery by intimidation.

At the close of the trial, as part of the jury charge, the trial judge gave the standard jury charges on the definitions of armed robbery and robbery by intimidation contained in Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed.), p. 116. After beginning its deliberations, the jury requested that they be allowed to see these definitions. Based on the jury's question, the State requested that the jury be recharged on the definitions of armed robbery and robbery by intimidation and, as part of the recharge on the definition of armed robbery, that the jury be given the following additional charge regarding an offensive weapon: "A gun when pointed at another person in a threatening manner, whether loaded or unloaded, is a deadly weapon." The trial judge instructed the jury that he was not allowed to give them the requested definitions in writing, but that he would read the definitions of armed robbery and robbery by intimidation again. On recharge, the trial court gave the standard jury charges, but during the charge on armed robbery the trial court deleted the sentence, "The character of a weapon may be established by direct or circumstantial evidence," and inserted in lieu thereof the sentence, "A gun when pointed at another person in a threatening manner, whether loaded or unloaded, is a deadly weapon." Trial counsel did not specifically object to this charge or preserve objections to the charge in general.

"The fact that [trial] counsel made no objections to the charge obviously establishes no lack of effectiveness on his part absent some

deficiency or impropriety in the charge which was harmful to [McCurty]." (Citation and punctuation omitted.) *Abreu v. State*, 206 Ga. App. 361, 362-363 (425 SE2d 331) (1992). "On appeal charges must be examined and considered in their totality. [Cit.]" *Krebsbach v. State*, 209 Ga. App. 474, 475 (433 SE2d 649) (1993). The trial court's charge to the jury as a whole was a correct statement of the law. Based on the jury's question, on recharge the trial judge tailored the charge on the definition of armed robbery more specifically to the evidence. "Trial counsel's failure to object does not demonstrate his ineffectiveness, because there was no reversible error." *Abreu v. State*, supra at 362.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 3, 1998.

*Daniel Conaway*, for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.