## A99A0731. WILLIAMS v. THE STATE.
(515 SE2d 875)

BLACKBURN, Presiding Judge.

George Warren Williams appeals from his conviction of aggravated battery, following a jury trial, contending that the trial court erred by: (1) denying his motion for directed verdict of acquittal; (2) prohibiting him from introducing evidence of acts of violence by the victim; and (3) improperly recharging the jury on aggravated battery. For the reasons set forth below, we affirm.

1. Williams contends the trial court erred by denying his motion for directed verdict of acquittal, asserting that Count 1 of the indictment, aggravated battery, was defective because it failed to set out the manner in which the victim was injured. See *England v. State,* 232 Ga. App. 842, 844 (2) (502 SE2d 770) (1998) (an indictment charging a crime which is capable of being committed in more than one way but fails to charge the manner in which the crime was committed is subject to challenge). The indictment accused Williams, in relevant part, of "maliciously [causing] bodily harm to Samuel Burson by rendering a member of his body useless, to wit: did paralyze his legs." "A motion for directed verdict of acquittal is not the proper way to contest the sufficiency of an indictment. A motion for a directed verdict of acquittal addresses the sufficiency of the evidence, not the sufficiency of the underlying indictment. (Cit.)" (Punctuation omitted.) *McKay v. State,* 234 Ga. App. 556, 559 (2) (507 SE2d 484) (1998). Typically, a challenge to an indictment is made through a demurrer to the indictment.[1] See *McKay,* supra. Thus,

> "the only issue we have presented for review is the propriety of the denial of [Williams'] motion for a directed verdict of acquittal as to [aggravated battery]. This issue is determined, not by the sufficiency of the [indictment], but by whether the evidence adduced at trial demanded a verdict of 'not guilty.' "

---

[1] A demurrer is either general, which attacks the validity of the indictment, or special, which attacks the form of the indictment. See *State v. Eubanks,* 239 Ga. 483, 486 (238 SE2d 38) (1977). A general demurrer may be raised at any time, but a special demurrer must be raised before pleading to the indictment or the right to be tried upon an indictment which is perfect in form and substance is waived. *McKay* at 558.

*Echols v. State*, 187 Ga. App. 870, 872 (371 SE2d 682) (1988).

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Williams] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.

(Punctuation omitted.) *Dill v. State*, 235 Ga. App. 265, 266 (508 SE2d 739) (1998).

Williams does not challenge the sufficiency of the evidence supporting the conviction of aggravated battery in his brief. Our independent review of the record shows that the evidence was sufficient to go to a jury and to authorize the jury's finding that Williams was guilty beyond a reasonable doubt of aggravated battery. See *Jackson v. Virginia*, supra.

2. Williams contends the trial court erred by ruling that he could not introduce evidence of acts of violence by the victim towards another defendant. "The admission of evidence is committed to the sound legal discretion of the presiding judge, whose determinations will not be disturbed on appeal unless they constitute an abuse of that discretion." *Conyers v. State*, 234 Ga. App. 830, 832 (1) (507 SE2d 842) (1998).

(a) Generally, a victim's character is not admissible evidence. However, there is an exception when the defendant is asserting a claim of justification:

> Under this exception, a defendant may present evidence of the victim's specific acts of violence against the defendant and third persons. Such evidence is admissible to show the victim's character for violence or tendency to act in accordance with his or her character as it relates to the defendant's claim of justification.

(Punctuation and footnotes omitted.) *Owens v. State*, 270 Ga. 199, 201 (2) (509 SE2d 905) (1999). See Uniform Superior Court Rule 31.6. In this case, the evidence of the victim's violent acts does not fall within the exception because it is undisputed that Williams was not claiming justification. The trial court properly excluded the evidence.

(b) The trial court properly excluded the evidence for the additional reason that Williams failed to give notice of his intent to introduce such evidence in accordance with Uniform Superior Court Rules 31.1 and 31.6. Pursuant to Rule 31.6, a defendant who is asserting a claim of justification must, ten days prior to trial, give the State notice of his intent to introduce evidence of specific acts of violence by the victim. Compliance with the rule is mandatory. *Johnson v. State*, 270 Ga. 234, 235 (3) (507 SE2d 737) (1999). Williams failed to give the requisite notice.[2] The trial court did not abuse its discretion in refusing to admit the evidence. See *Johnson*, supra.

3. Williams argues the trial court erred when, at the jury's request, it recharged the jury on aggravated battery, contending that the recharge confused the jury. "[T]he extent and character of any supplementary instructions [to the jury] are within the discretion of the court." *Tyson v. State*, 217 Ga. App. 428 (1) (457 SE2d 690) (1995).

This court must consider both the initial charge and the recharge to determine whether a recharge contains error. *Miller v. State*, 221 Ga. App. 718, 719 (1) (472 SE2d 697) (1996). Here, the trial court properly and fully instructed the jury on aggravated battery in the initial charge: "As to the offense of aggravated battery, I charge you that a person commits the offense of aggravated battery when he maliciously causes bodily harm to another by rendering a member of that person's body useless." See OCGA § 16-5-24; *Pollard v. State*, 230 Ga. App. 159 (495 SE2d 629) (1998).

When the trial court recharged the jury, it restated the initial charge. Although no additional instructions were given, it is within the discretion of the trial court whether to give additional instruction not contained in the original charge. *Ross v. State*, 231 Ga. App. 506, 508 (2) (499 SE2d 351) (1998). Reviewing the recharge and the charge as a whole, we conclude that the trial court properly charged the jury on aggravated battery.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 8, 1999 —
RECONSIDERATION DENIED APRIL 29, 1999.

*William I. Sykes, Jr.*, for appellant.
*N. Stanley Gunter, District Attorney*, for appellee.

---

[2] The co-defendant filed a notice of intent to introduce evidence of the victim's acts of violence which was signed by Williams' counsel. However, that notice applied only to the defense of the co-defendant and the introduction of acts of violence against her.