## A02A2332. HARRIS v. THE STATE.
(574 SE2d 871)

ANDREWS, Presiding Judge.

Debbie Harris appeals from the judgment entered after a jury found her guilty of trafficking in methamphetamine. Finding no error, we affirm.

The evidence at trial, taken in the light most favorable to the verdict, was that police used a confidential informant to set up a drug deal with Harris. The informant testified at trial that he talked to Harris several times on the phone before setting the meeting. According to the informant, Harris wanted to buy a pound of methamphetamine, but could not raise that much money so they decided that the sale would be for half a pound of methamphetamine.

On the day set for the transaction, Harris drove to the meeting place, got out of her car and got into the passenger seat of the informant's car. Harris gave the informant the agreed-upon amount of money, $3,200, half of the purchase price for the drugs. Harris was to pay the other half after she sold the drugs. After she gave him the money, the informant told Harris that "the stuff was in the dash."

After Harris retrieved the methamphetamine from the glove box, the officers moved in to arrest her.

Harris testified in her own defense and said she brought the money to give to the informant because he was in trouble and needed it. She said the informant had asked her if she knew anyone who wanted to buy drugs but she told him that she did not. Harris admitted to taking the methamphetamine out of the glove box but said she was only going to take enough for herself.

The evidence was sufficient to support the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Harris filed a motion for new trial claiming she received ineffective assistance of counsel. The trial court denied the motion, and this appeal followed.

1. First, Harris argues that trial counsel was ineffective because he failed to file a general demurrer to the indictment. She claims the indictment was fatally defective because it omitted the word "knowingly."

The indictment charged that Harris "on or about February 12, 2001 in the above-stated County and State did unlawfully then and there have under her control and did traffic in the Schedule II controlled substance methamphetamine by possessing a mixture containing said methamphetamine which said mixture weighed in excess of 200 grams."

OCGA § 16-13-31 provides in pertinent part:

> Any person who knowingly sells, manufactures, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine, amphetamine, or any mixture containing either methamphetamine or amphetamine, as described in Schedule II, in violation of this article commits the felony offense of trafficking in methamphetamine or amphetamine. . . .

OCGA § 16-13-31 (e). Harris claims that because the statute uses the word "knowingly" and the indictment did not, the indictment was fatally defective and counsel was ineffective for failing to file a general demurrer.

"A general demurrer challenges the sufficiency of the substance of the indictment, whereas a special demurrer challenges the sufficiency of the form of the indictment." *Bramblett v. State*, 239 Ga. 336, 337 (236 SE2d 580) (1977).

> A special demurrer is waived if not raised before pleading to the merits of the indictment. On the other hand, because a general demurrer attacks the legality of an indictment, it is

permissible to raise this ground after verdict by a motion in arrest of judgment even if there was no earlier objection. A motion in arrest asserts that the indictment contains a defect on its face affecting the substance and real merits of the offense charged and voiding the indictment, such as failure to charge a necessary element of a crime.

(Citations and punctuation omitted.) *McKay v. State*, 234 Ga. App. 556, 559 (507 SE2d 484) (1998). A motion in arrest of judgment or habeas corpus are the only remedies available when no demurrer to the indictment is interposed before judgment is entered on the verdict. See, e.g., id. at 559; *Williams v. State*, 162 Ga. App. 350, 351 (291 SE2d 425) (1982).

Therefore, a motion for new trial is ordinarily not the proper method to attack the sufficiency of the indictment. *Seymour v. State*, 210 Ga. 21 (77 SE2d 519) (1953); *McKay*, supra; *Abreu v. State*, 206 Ga. App. 361, 363 (425 SE2d 331) (1992); *Carr v. State*, 184 Ga. App. 889, 890 (363 SE2d 319) (1987); *Thompson v. State*, 58 Ga. App. 452-453 (198 SE 805) (1938). But, this Court has made an exception when the motion for new trial raises the ground of ineffective assistance of counsel. See *Hammock v. State*, 201 Ga. App. 614, 615 (411 SE2d 743) (1991).

"To establish ineffective assistance of counsel, [a defendant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984)." *Gross v. State*, 262 Ga. 232, 233-234 (1) (416 SE2d 284) (1992). The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. *Gross*, supra.

In analyzing a claim of ineffective assistance of counsel, we note at the outset that a trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990). Further, Harris must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. *Snyder v. State*, 201 Ga. App. 66, 70 (8) (410 SE2d 173) (1991).

The indictment was not defective. "An accusation or indictment is not subject to a general demurrer unless there is a defect so extreme that the defendant can admit the charge as made and still be innocent." *State v. Jones*, 246 Ga. App. 482, 483 (540 SE2d 622) (2000). But if, taking the facts as alleged in the indictment, the guilt of the accused follows as a legal conclusion, the indictment is good. *Gower v. State*, 71 Ga. App. 127, 128 (30 SE2d 298) (1944).

In the case at bar, even if a general demurrer had been filed, there would be no error in denying it, as Harris could not admit all the facts in the charge as filed and still be innocent of the offense charged. See also *Hammock*, supra at 615-616 (where indictment alleges offense in general terms of statute, alleges that the act was unlawfully committed, that it was contrary to the laws of the state, and generally employs language from which criminal intent must necessarily be inferred, it is not void for failure to expressly allege criminal intent). Accordingly, because the indictment was not defective, Harris cannot show that trial counsel's performance was deficient. *Strickland*, supra.

2. Harris next argues that trial counsel was ineffective because he failed to object to the jury charge. Again, Harris claims that because the indictment did not contain the word "knowingly," the trial court erred in reading it to the jury and in sending the defective indictment out with the jury when they began deliberations.

The jury was adequately charged on the element of knowledge as follows:

> Knowledge on the part of the defendant that the crime of trafficking in methamphetamine was being committed and that she knowingly and intentionally participated in, aided or abetted in the commission of such crime, must be proven by the State beyond a reasonable doubt. If you find from the evidence that the defendant did not have knowledge that the crime of trafficking in methamphetamine was being committed, or if you find that she did not knowingly and intentionally commit, participate, aid or abet in the commission of that crime, then it is your duty to acquit.

Trial counsel's failure to raise objections to the charge establishes no lack of effectiveness on his part absent some deficiency or impropriety in the charge which was harmful to Harris. On appeal, this Court examines and considers charges in their totality and the trial court's charge to the jury as a whole was a correct statement of the law. *McCurty v. State*, 234 Ga. App. 232, 234-235 (506 SE2d 418) (1998). Accordingly, because the jury was fully charged that they must find that Harris knowingly trafficked in methamphetamine, she cannot satisfy the second prong of *Strickland* requiring her to show that counsel's allegedly deficient performance prejudiced her defense. *Strickland*, supra.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED DECEMBER 3, 2002.

*Cook & Connelly, Bobby Lee Cook, Rex B. Abernathy*, for appellant.

*T. Joseph Campbell, District Attorney, Donald S. Smith, Assistant District Attorney*, for appellee.