**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 17, 2020**

# In the Court of Appeals of Georgia

A19A2460. KINSLOW v. THE STATE.                    DO-084 C

DOYLE, Presiding Judge.

Jereno Sadatrice Kinslow was convicted of one count of computer trespass.[1] He now appeals from the denial of his motion for new trial, contending that the conduct he was accused of and the evidence at trial showed that he did not violate the computer trespass statute. Based on the record before us, we disagree and affirm.

Construed in favor of the verdict,[2] the record shows that in 2013 Kinslow was the sole member of the information technology ("IT") department of the City of Norcross. In October 2013, Greg Cothran was hired to oversee the IT department and "help them get to the next level" by enhancing the reliability of the City's computer

---

[1] OCGA § 16-9-93 (b).

[2] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

system. According to Cothran, at the time he was hired, the IT department appeared overwhelmed with service calls, and the network suffered outages.

After a few weeks, Cothran and Kinslow began having workplace disputes, and in November 2013, they had a particularly heated discussion over Kinslow's job performance that resulted in further deterioration of their relationship. Cothran became concerned that Kinslow could damage the City's network, so he expedited a server move as a safeguard. Kinslow's employment ultimately ended in June 2014, but until that time, he maintained administrator-level (highest) control over the network as part of his employment.

In August 2014, City Clerk Monique Lang received an unexpected "bounce-back" email referencing an email she had sent from her work account to Cothran's work account as part of their normal job duties. The bounce-back notice was triggered due to the size of her initial email message, and the notice indicated that her email was undeliverable to an email address that was later identified to be a personal email address set up by Kinslow on an @me.com domain.[3] Lang's message was addressed only to Cothran's email address, and she was unfamiliar with the @me.com address.

---

[3] It is undisputed that the @me.com address was a personal account belonging to Kinslow on a publicly available service offered by Apple, Inc.; we need not reproduce Kinslow's email address here.

After further investigation, the City was able to determine that a box had been checked in the network settings that resulted in all of Cothran's incoming email being forwarded to Kinslow's personal @me.com address. Cothran's email was forwarded from approximately December 2013 (around the time that the workplace discord escalated) to August 2014, when it was detected two months after Kinslow's termination. The investigation also revealed that Kinslow routinely accessed the @me.com account from his smart phone. At the time the forwarding started, Cothran and Kinslow were the only people with the requisite administrator-level access to cause Cothran's email to be forwarded to the @me.com account.

Based on an ensuing police investigation, Cothran was charged with one count of computer trespass by obstructing and interfering with data from a computer. Following a jury trial, Cothran was found guilty and sentenced to ten years of probation. He unsuccessfully moved for a new trial, giving rise to this appeal.

1. Kinslow contends that the allegations in the accusation, even if proven true, were insufficient to establish the alleged violation of the computer trespass statute, OCGA § 16-9-93 (b). Essentially, he argues that the accusation failed as a matter of law to establish the essential elements of the offense.

As a threshold matter, we must determine whether this enumeration has been preserved for review. Kinslow's appellate briefing makes it clear that his challenge is to the accusation: "The Appellant's position is that even if the facts alleged in the accusation were true, proof of these facts did not constitute proof that OCGA § 16-9-93 (b) (2) was violated. As a result, the conviction should be reversed." This amounts to a challenge to the accusation itself, rather than the sufficiency of the trial evidence.

> A challenge to an indictment [or accusation] is typically made through a demurrer to the indictment. A demurrer . . . may be general or special. A general demurrer challenges the very validity of the [charging instrument] and may be raised anytime; the special objects merely to its form or seeks more information and must be raised before pleading to the indictment. . . . On the other hand, because a general demurrer attacks the legality of an [accusation], it is permissible to raise this ground after verdict by a motion in arrest of judgment even if there was no earlier objection. . . . A motion in arrest asserts that the [accusation] contains a defect on its face affecting the substance and real merits of the offense charged and voiding the [accusation], such as failure to charge a necessary element of a crime. . . .

> A motion for directed verdict of acquittal is not the proper way to contest the sufficiency of an [accusation]. A motion for a directed verdict of acquittal . . . addresses the sufficiency of the evidence, not the sufficiency of the underlying [accusation]. When an [accusation] is absolutely void in that it fails to charge the accused with any act made

4

a crime by the law and, upon the trial, no demurrer to the [accusation] is interposed and the accused is convicted under the [accusation] and judgment is entered on the verdict, the accused's proper remedy is a motion in arrest of judgment or habeas corpus.

[Moreover, a] motion for new trial is not the proper method to attack the sufficiency of an [accusation] and does not provide a basis for this Court to review the [accusation]. Based on [this], it is clear that objections to defects in an [accusation] can be waived, except when the defects are so great that the accusation is absolutely void. However, when a claim that an accusation . . . is absolutely void is not properly asserted in the trial court, it can be reviewed on appeal only through a habeas corpus proceeding.[4]

Because Kinslow did not file a general demurrer or a motion in arrest of the judgment, his challenge to the accusation is not properly before us.

Nevertheless, even if preserved for review, and to the extent that Kinslow's challenge is to the sufficiency of the trial evidence, Kinslow's argument provides no basis for reversal. OCGA § 16-9-93 (b) (2) defines the offense of computer trespass, in relevant part, as "us[ing] a computer or computer network with knowledge that such use is without authority and with the intention of . . . [o]bstructing, interrupting,

---

[4] (Citations and punctuation omitted.) *McKay v. State*, 234 Ga. App. 556, 559-560 (2) (507 SE2d 484) (1998).

5

or in any way interfering with the use of a computer program or data." The accusation charged Kinslow with committing computer trespass by "us[ing] a computer network with knowledge that such use was without authority and with the intention of obstructing and interfering with data from a computer, by copying Greg Cothran's emails and causing them to be forwarded to his own private email account. . . ."

Kinslow argues that causing Cothran's email to be forwarded does not amount to "obstructing and interfering" with the use of a computer program or data. As support, he relies on *Sitton v. Print Direction, Inc.*,[5] which held that an employer did not, as a matter of law, commit computer trespass when "he entered [an employee's] office, moved the [employee's] computer's mouse, clicked on the e-mail listing which appeared on the screen, and printed certain e-mails from [the employee] relating to a job for [a competitor]."[6] The computer at issue was used by the employee to conduct his work duties, and the employer's conduct, this Court held, did not constitute "obstructing or interfering with the use of a computer program or data."[7]

---

[5] 312 Ga. App. 365, 367 (1) (718 SE2d 532) (2011).

[6] Id. at 367 (1).

[7] Id.

6

Here, by contrast, the evidence showed that Kinslow altered his employer's computer network to cause his supervisor's work incoming email (including sensitive information that was considered confidential to the City) to be copied and forwarded to Kinslow's personal, non-official email account. Unlike this case, the conduct in *Sitton* was an employer's printing of email already displayed on an employee's computer used for work and subject to the employer's computer usage policy agreed to by the employee.[8] It is undisputed that Kinslow did not have authority or permission to forward his supervisor's email, and the act of altering network settings to copy and redirect his supervisor's incoming email is distinct from that in *Sitton* and amounts to conduct sufficient to constitute the offense of computer trespass, i.e., "[o]bstructing, interrupting, or in any way interfering with the use of a computer program or data." Hence, Kinslow's reliance on *Sitton* is unavailing.

2. Kinslow argues that even if the facts alleged in the accusation were sufficient to establish a computer trespass offense, there is insufficient evidence that he actually committed the trespass. We disagree.

When an appellate court reviews the sufficiency of the evidence,

---

[8] See id. at 368 (1).

7

the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.[9]

Here, there was evidence that at the relevant time frame, Kinslow was the only City employee besides Cothran who had the requisite network access to cause Cothran's email to be forwarded to Kinslow. Further, Kinslow did not dispute that the destination account was his personal account. These facts, along with the evidence of the workplace friction between Cothran and Kinslow, authorized the jury to find that Cothran committed the acts sufficient to establish a computer trespass violation under OCGA § 16-9-93 (b) (2). That Kinslow may offer a different interpretation of the evidence of is of no moment; on appeal, we must view the evidence in the light most favorable to the factfinder's verdict, and any inconsistencies in the evidence or

---

[9] (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

credibility determinations are properly not revisited by this Court.[10] Under this standard, the evidence sufficed to support the jury's finding of guilt.

*Judgment affirmed. Coomer and Markle, JJ., concur.*

---

[10] See id.