## 70340. CITY OF LaGRANGE v. HATFIELD.
(334 SE2d 25)

CARLEY, Judge.

Appellee was arrested and charged with allowing a dog to run at large, in violation of the leash ordinance of the appellant City of LaGrange (City). The case was tried before the Recorder's Court of the City. Appellee was found guilty and her sentence included the payment of a fine, as well as five days of community service. Appellee filed a petition for a writ of certiorari to the superior court. The City filed its answer and a hearing was conducted. The superior court determined that "the controversy extends to the sentencing power of a recorder" and, in its original order, concluded that the City recorder's court had no authority to impose a sentence which included both a fine and community service. Accordingly, the superior court vacated that portion of appellee's sentence requiring five days of community service. The City then filed a motion to reconsider. The superior court denied the City's motion but, in so doing, held that the intent of its original order "was as follows: for violation of a purely municipal ordinance, a recorder may sentence a person to pay a fine; to be confined to jail; or to perform community service, but a recorder may not sen-

tence any combination of the above-listed punishments. A recorder may sentence a person to pay a fine with the alternative of confinement or community service in the event the fine is not paid." The City petitioned this court for a discretionary appeal from the superior court's orders vacating a portion of appellee's sentence. The petition was granted and the instant appeal results.

1. The applicable provision of the City's charter is as follows: "The recorder shall have power to impose fines for the violation of any law or ordinance of the City of LaGrange passed in accordance with this charter, to an amount not to exceed five hundred dollars ($500.00), to imprison offenders for a period of not more than six months, or at labor on the roads and streets or other public works of said city for not more than six months; and the said recorder shall have the power and authority to impose *any one or more* of these punishments when he shall find that the facts of the case so justify . . . ." (Emphasis supplied.) Ga. L. 1968, pp. 2191, 2224. The superior court concluded that the emphasized portion of the above quoted enactment was "in conflict" with the following statutory provision: "All police courts having authority to try offenses against the laws of the municipal corporations in which such courts are located shall have the power and authority to impose fines upon persons convicted of such offenses, with the alternative of other punishment allowed by law, in the event that such fines are not paid." OCGA § 36-32-5. The superior court construed enactment of OCGA § 36-32-5 as evincing a legislative intent that a sentence rendered by the City recorder's court could impose *both* a fine and "other punishment" *only* if the "other punishment" were made conditional upon the failure to pay the fine. In a conflict between the provisions of OCGA § 36-32-5 and the City's charter, the superior court determined that the former, as a general enactment, was controlling over the latter local enactment. See generally *Beard v. City of Atlanta*, 91 Ga. App. 584, 585 (86 SE2d 672) (1955). See also *Cheatham v. Palmer*, 176 Ga. 227, 234 (167 SE 522) (1932).

In *Brieswick v. City of Brunswick*, 51 Ga. 639, 642 (1874), the Supreme Court held: "The city council have the power, under its charter, to prescribe the punishment for a violation of the ordinances of the city, either by fine or by imprisonment. When the punishment inflicted is imprisonment, that is the penalty to be enforced. When the penalty is a fine, that is the penalty to be enforced in the manner provided by law; but the charter does not confer upon the city council of Brunswick the power and authority to pass an ordinance to enforce the collection of a fine by imprisoning the party who fails to pay it until he shall do so, or for any specified number of days until he shall do so." Several years later, the General Assembly enacted Ga. L. 1878-79, p. 153, the predecessor statute to existing OCGA § 36-32-5.

The Supreme Court subsequently recognized that "[i]f [OCGA § 36-32-5] was not enacted to meet the [*Brieswick v. Brunswick*] decision mentioned, it at least followed such ruling soon after it was made. It authorized exactly the character of [the alternative] sentence [consisting of a fine or imprisonment] which was here imposed. . . . [T]he question [is] one of charter power. [OCGA § 36-32-5] when squarely invoked must control." *Leonard v. Mayor &c. of Eatonton*, 126 Ga. 63, 65-66 (54 SE 963) (1906). It is thus clear that OCGA § 36-32-5 *is* a general enactment which authorizes the imposition of an alternative sentence, to wit: payment of a fine, "with the alternative of other punishment allowed by law, in the event such [a fine is] not paid." The determinative issue then is whether the superior court was correct in holding that OCGA § 36-32-5 should also be construed as the exclusive authority on the subject of recorder's court sentencing power, such that, pretermitting the provisions of a municipality's charter, a fine and "other punishment" may not both be imposed unless the latter is conditioned upon the failure to pay the former.

This issue was addressed in *City of Albany v. Key*, 124 Ga. App. 16 (183 SE2d 20) (1971). There, the provisions of the city charter made "it clear that the authority to inflict or impose punishment and penalties . . . included the power to impose a fine *or* imprisonment, *or* both, *or* to impose them in the alternative up to the prescribed limits." (Emphasis in original.) *City of Albany v. Key*, supra at 18-19. There, as in the instant case, it was urged that the charter provisions authorizing the imposition of "other punishment" in conjunction with, rather than strictly as an alternative to, payment of a fine were void because they were "in conflict" with general enactments regarding sentencing for violation of municipal ordinances. *City of Albany v. Key*, supra at 21. As against this contention, this court held that OCGA § 36-32-5 is to be construed as a "broadening of the powers of municipalities by permitting the imposition of an alternative sentence, which [*Brieswick v. Brunswick*, supra] had previously . . . held to be taboo because coercive in nature. . . . [OCGA § 36-32-5] *broadened* [the sentencing] power rather than diluting it." (Emphasis supplied.) *City of Albany v. Key*, supra at 21. Thus, it is clear that enactment of OCGA § 36-32-5 does not, as the superior court held, evince a legislative intent to limit the authority of a recorder's court to the imposition of an alternative sentence consisting of either a fine or "other punishment." The intent was merely to broaden the authority of a recorder's court so as to permit the imposition of such an alternative sentence. As thus construed, OCGA § 36-32-5 is not "in conflict" with the City's charter provisions quoted above. Those provisions, as was the case in *City of Albany v. Key*, supra, clearly authorize the imposition of a sentence consisting of "one or more" of: a fine; imprisonment; or, labor on the roads, streets or other public works of the

City. The superior court erred in holding that appellee could not be sentenced to both the payment of a fine and "other punishment" for violation of the City's ordinance.

2. Appellee advances other reasons why the sentence that was imposed upon her was unauthorized. However, the order vacating a portion of appellee's sentence was based solely on the superior court's erroneous construction of OCGA § 36-32-5 as a general limitation on the sentencing authority of the City Recorder's Court. The merits of appellee's remaining attacks upon her sentence have apparently never been considered by the superior court or, if considered, have never been specifically ruled on. Under those circumstances, we will not attempt to address those remaining arguments in the context of the instant appeal. Instead, the superior court's order will be reversed as having been premised upon an erroneous statutory construction. We remand the case with direction that a new hearing on appellee's petition be conducted and a new order entered, after which the losing party will be free to apply to the appropriate appellate court for a discretionary appeal.

*Judgment reversed and case remanded with direction. Sognier, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED SEPTEMBER 3, 1985.

*James R. Lewis,* for appellant.
*Hoke J. Thomas, Jr.,* for appellee.