## A91A0144. STAPLES v. THE STATE.
(405 SE2d 551)

ANDREWS, Judge.

Staples was indicted for two counts of aggravated assault and found guilty on the second count at trial. Although he did not demur to the indictment, after the verdict was returned Staples filed a motion to arrest judgment on the basis that the indictment was imperfect and incomplete. From the trial court's denial of that motion, he now appeals.

In attacking an indictment after the verdict, every presumption and inference is in favor of the verdict. *King v. State*, 103 Ga. App. 272 (119 SE2d 77) (1961). By failing to file a demurrer before trial, Staples waived his right to a perfect indictment. *State v. Eubanks,*

239 Ga. 483 (238 SE2d 38) (1977); *Hubbard v. State*, 129 Ga. App. 793 (201 SE2d 337) (1973). Therefore, a motion to arrest judgment should be granted only if the indictment is absolutely void. See *Moore v. State*, 94 Ga. App. 210 (94 SE2d 80) (1956).

Here, the allegedly deficient count for aggravated assault charged Staples "with having committed the offense of Aggravated Assault for that the said accused person in the County aforesaid, on the 26th day of August, 1989 unlawfully with a deadly weapon, to-wit: a .35 Caliber rifle, the same being a deadly weapon when used in the manner in which it was used to shoot the said victim, contrary to the laws of said State, the good order, peace and dignity thereof, . . ."

Staples contends that the indictment is fatally defective because the second count omitted the victim's name and failed to set forth all the elements of the crime. Although the count is not a model of clarity, it is sufficient to withstand the motion to arrest judgment.

The two requirements of an indictment are that it definitively inform the accused of the charges against him, so that he may present his defense and avoid surprises at trial, and that it protect the accused against another prosecution for the same offense. *Berger v. United States*, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314) (1934); *Ingram v. State*, 137 Ga. App. 412, 415 (224 SE2d 527) (1976); *Williams v. State*, 165 Ga. App. 69 (299 SE2d 402) (1983). Both requirements were met here. Although the victim is not named in this count, her identity is clear from the prior count.[1] See *Weddington v. State*, 191 Ga. App. 738, 739 (382 SE2d 661) (1989). Although the second count is worded awkwardly, it plainly charges Staples with aggravated assault for shooting the victim with a deadly weapon. See *Miller v. State*, 182 Ga. App. 700, 701 (356 SE2d 900) (1987).

The test of the sufficiency of an indictment is whether the accused could admit all of the accusations and still be innocent of having committed the offense charged; if so, the indictment is defective. *Mahomet v. State*, 151 Ga. App. 462 (260 SE2d 363) (1979)[2]; *Brooks v. State*, 141 Ga. App. 725 (234 SE2d 541) (1977). Here, Staples cannot admit to an aggravated assault using a .35 caliber rifle to shoot a victim and still be innocent of the offense charged.

---

[1] Although each count must be complete within itself and contain every allegation essential to constitute the crime, this rule applies to the offense rather than the form. *Holtzendorf v. State*, 146 Ga. App. 823 (247 SE2d 599) (1978). Therefore, one count may incorporate by reference portions of another, *Durden v. State*, 152 Ga. 441 (110 SE 283) (1921), and the indictment is read as a whole. See *Manley v. State*, 187 Ga. App. 773 (371 SE2d 438) (1988); compare *Lee v. State*, 81 Ga. App. 829 (60 SE2d 177) (1950).

Here the first count of the indictment was also for the offense of aggravated assault and charged that Staples "unlawfully did assault the person of [name of victim] with the intent to murder the said [name of victim]. . . ."

[2] See *Manley*, supra, note 1, for the slightly different test of whether the accused can admit all the accusations and be innocent of *any* crime.

The instant count adequately charges a violation of the law and sufficiently apprised Staples of the offense charged. *Watson v. State*, 190 Ga. App. 671 (379 SE2d 811) (1989). Since there was no fatal defect in the indictment, the denial of Staple's motion to arrest judgment was proper.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 12, 1991.

*Michael S. Waldrop*, for appellant.

*Robert F. Mumford, District Attorney, Nancy F. Nash, Assistant District Attorney*, for appellee.