## A97A0121. SCOTT v. THE STATE.
(490 SE2d 104)

SMITH, Judge.

Linda Scott appeals her conviction by a jury in Colquitt State Court for misdemeanor obstruction of a police officer, OCGA § 16-10-24 (a).[1]

1. Scott raises the general grounds. The obstruction charge against Scott arose from events surrounding her arrest and trial in the city of Doerun, Georgia. Construed in favor of the jury's verdict, the evidence shows that Scott was arrested for a traffic violation in the city. She was convicted after a bench trial in the Doerun City Court and was given an alternative sentence of a $150 fine or 15 days in jail. Scott stated in court that she wanted to pay the fine but did not have sufficient funds on her person. The presiding judge instructed her to arrange for payments with Officer Buckhalter, the officer charged with that duty and present in the courtroom for that purpose. City courts are authorized to " 'impose fines upon persons convicted of such offenses, with the alternative of other punishment allowed by law, in the event that such fines are not paid.' [Cit.]" *City of LaGrange v. Hatfield*, 175 Ga. App. 697, 698 (1) (334 SE2d 25) (1985) (physical precedent only). The City of Doerun court is expressly authorized by its charter to impose such sentences. Ga. L. 1985, p. 4234.

The evidence presented at trial showed a standard procedure after the return of a guilty verdict and entry of a judgment of conviction in Doerun City Court: the officers assigned to the courtroom for that day's proceedings are responsible for carrying out the sentences imposed, and an individual is not released from custody until arrangements are made for satisfaction of the judgment. Captain Michael Giles testified that he has the authority to arrange partial payment of fines up to 50 percent of the total amount. Other arrangements are at the discretion of the chief of police. If the chief is not in the office, defendants are placed in a cell to await his arrival.

---

[1] We note that the State originally filed no brief despite the clear mandate in this Court's rules that "a brief shall be filed by the appellee in all criminal appeals when the State is the appellee" and that failure to do so subjects the violator to contempt. Court of Appeals Rules 13 and 26 (b). After an order directing that the brief be filed within ten days, the State ultimately filed its brief over six months late and fifteen days after issuance of the order.

Officer Buckhalter followed the standard procedure when Scott was instructed to make her payment arrangements. Buckhalter and Captain Giles accompanied Scott and another defendant, also convicted of a traffic offense, across the street to the police department and jail. Upon arriving, Giles began processing the other defendant, who paid half of her fine and made arrangements for payment of the remainder. Officer Buckhalter was simultaneously processing Scott. He requested that Scott pay her $150 fine. Scott was informed that she could pay half her fine and make arrangements for payment of the balance.

While Scott contends she told the officers that she could pay the fine if she were allowed to write a check or use a local ATM, the officers testified that Scott simply stated that she "had no money." The other defendant testified that Scott "refused to pay" the fine. Buckhalter informed Scott that she would have to go to jail if she could not pay. Upon being told this, Scott responded, "I'm not your n_ _ _ _r and I'm not going to give you anything." Buckhalter then requested that she hand over her purse and other belongings so that she could be placed in a cell. Scott resisted and was both physically and verbally abusive, kicking at and striking the officers in the process. Scott was ultimately restrained by both Officer Buckhalter and Captain Giles and placed in a cell.

A conviction for obstruction of a law enforcement officer is proper only when evidence is presented that a defendant "knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties." OCGA § 16-10-24 (a). Determining whether the actions of a defendant actually had the effect of hindering or impeding the officer is a decision for the trier of fact. *Sapp v. State*, 179 Ga. App. 614 (1) (347 SE2d 354) (1986). Scott argues that the officers were acting outside the scope of their lawful duty when they incarcerated her. See *Dixon v. State*, 154 Ga. App. 828 (1) (269 SE2d 909) (1980). Scott apparently contends that despite evidence that she refused to pay the fine, the officers were not authorized to carry out the alternative sentence of a jail term.

This contention is without merit. Upon an individual being found guilty of a misdemeanor that contemplates imprisonment, law enforcement officials possess the duty and power to contain that individual for the purposes of carrying out the sentence. " 'On the conviction and sentence of a person, it is the duty of the sheriff of the county where the judgment of conviction has been rendered to take such convicted person into custody, and to keep him in custody or dispose of him in accordance with the judgment of the court and the law.' [Cits.]" *Whiddon v. State*, 160 Ga. App. 777, 783 (287 SE2d 114) (1982), overruled in part on other grounds, *In re Irvin*, 254 Ga. 251,

254 (1) (328 SE2d 215) (1985).[2] The officers' attempts to restrain Scott in this case were simply a function of their continuing duty to control a person arrested, tried, and sentenced under the law.

Scott contends that she was justified in resisting arrest under the authority of *Bearden v. Georgia*, 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983). We do not agree. *Bearden* held that an indigent's probation cannot be conditioned on payment of a fine. We do not reach the issue of whether that holding should be extended to alternative sentences of fine or imprisonment, for two reasons.

First, there is no evidence that Scott was indigent. On the contrary, she was able to pay the fine within a few minutes of her incarceration.

Second, and more important, a valid distinction exists between appealing an allegedly improper sentence, as Bearden did, and pleading an improper sentence as justification for obstruction of an officer under OCGA § 16-10-24. Like the defendant in *Powell v. State*, 192 Ga. App. 688 (385 SE2d 772) (1989), Scott was not an "unincarcerated citizen[ ] alleged to have obstructed law enforcement officers outside of a penal institution environment." Id. at 689 (3). She was an individual already tried, convicted, and in the process of satisfying the court's judgment. Moreover, Scott's only contention is that she had a *legal*, rather than a *factual*, basis for resisting the officers. Obstruction of an officer of the court cannot be justified in such a situation any more than physical resistance in a courtroom can be justified, even to an illegally imposed ruling or sentence (such as a commitment for contempt). At that stage of the judicial process, the proper course of action is that taken by the defendant in *Bearden*: employment of the appeals process to correct the error rather than resort to physical resistance.

Upon Scott's refusal to pay the fine, it was incumbent on the officers to restrain Scott and carry out the more restrictive alternative of her sentence. The evidence therefore supports the conclusion that the officers were acting pursuant to an official duty. "Whether or not the actions of appellant had the effect of hindering or impeding the officers in carrying out their assigned duties was for the jury to decide. The jury made its decision, obviously rejecting appellant's version of what transpired, and we find that under the facts here any rational trier of fact could have found appellant guilty as charged beyond a reasonable doubt." (Citations omitted.) *Sapp v. State*, supra at 615 (1).

2. Scott also enumerates as error the trial court's refusal to give

---

[2] The charter of the City of Doerun authorizes its law enforcement officers to perform these functions. Ga. L. 1975, p. 4697.

a requested jury instruction: "I charge you that it is unlawful to incarcerate a person who is financially unable to immediately pay a fine imposed by a judicial officer." Scott argues that her sole defense in this matter is justification, and that the requested charge alone stated that defense to the jury. This contention is without merit.

Several well-settled rules govern the denial of requests to charge in Georgia. " 'A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If any portion of the request is inapt or incorrect, denial of the request is proper.' . . . [Cit.]" (Emphasis omitted.) *Woityra v. State*, 213 Ga. App. 89 (1) (443 SE2d 867) (1994). A trial court does not commit error where it refuses to give a confusing or misleading instruction, *Jones v. State*, 200 Ga. App. 519, 521 (2) (c) (408 SE2d 823) (1991), or where the substance of the requested charge is covered in the instructions given by the trial court. *Radford v. State*, 202 Ga. App. 532, 534 (1) (415 SE2d 34) (1992).

It does not appear that the charge, as worded, was adjusted to the facts as shown in this case. The trial court fully charged the jury on mistake of fact, justification, the right to resist unlawful arrest, and self-defense. Moreover, in the charge conference, the trial court offered to accept a reworded charge, but Scott declined to present one for review. The trial court did not err in denying this request to charge.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur. McMurray, P. J., disqualified.*

DECIDED MAY 28, 1997 —
RECONSIDERATION DENIED JULY 28, 1997 — 

*James N. Finkelstein*, for appellant.
*Keith F. Allen, Solicitor*, for appellee.