## A06A2102. TUCKER v. THE STATE.
(641 SE2d 653)

BARNES, Chief Judge.

Following her bench trial and conviction for forgery, Stacey Tucker appeals the denial of her motion for new trial. She enumerates as error the trial court's denial of her motion for a directed verdict in that the evidence fatally varied from the allegations in the accusation. Upon review, we affirm.

Tucker argues that the trial court erred in denying the motion for directed verdict because the accusation alleged that the forgery was done in a way that was not shown by the evidence. See *England v. State*, 232 Ga. App. 842, 844 (2) (502 SE2d 770) (1998) (an indictment charging a crime which is capable of being committed in more than one way but fails to charge the manner in which the crime was committed is subject to challenge). The accusation stated that Tucker "unlawfully, did then and there, with intent to defraud, knowingly possess a certain writing, to wit: [a specific check] . . . in such a manner that the writing as made purports to have been made by another person, to wit: Starling Smith, and did utter said writing and deliver to [the beverage store]."

Pursuant to OCGA § 16-9-1 (a),

[a] person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing.

Tucker argues that the evidence showed that Smith did not make the check, and, in fact, had never seen the check, so the forgery accusation should have reflected that the forgery was committed by presenting a writing in "a fictitious manner."

"A motion for directed verdict of acquittal is not the proper way to contest the sufficiency of an indictment. A motion for a directed verdict of acquittal addresses the sufficiency of the evidence, not the sufficiency of the underlying indictment. (Cit.)" (Punctuation omitted.) *McKay v. State*, 234 Ga. App. 556, 559 (2) (507 SE2d 484) (1998). Typically, a challenge to an indictment is made through a demurrer to the indictment. A general demurrer attacks the validity of the indictment. The special demurrer attacks the form of the indictment. See *State v. Eubanks*, 239 Ga. 483, 486 (238 SE2d 38) (1977). While a general demurrer may be raised at any time, a special demurrer must be raised before pleading to the indictment or the right to be

tried upon an indictment which is perfect in form and substance is waived. *McKay v. State*, supra, 234 Ga. App. at 558. As the error Tucker complains of, at best, concerns the form of the accusation, it should have been raised in a special demurrer. *England v. State*, supra, 232 Ga. App. at 844 (2).

Thus, "the only issue we have presented for review is the propriety of the denial of [Tucker's] motion for a directed verdict of acquittal as to [forgery]. This issue is determined, not by the sufficiency of the (accusation), but by whether the evidence adduced at trial demanded a verdict of 'not guilty.' " *Echols v. State*, 187 Ga. App. 870, 872 (371 SE2d 682) (1988). Accordingly,

> [t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In addition, appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

*Taylor v. State*, 266 Ga. App. 818 (598 SE2d 122) (2004); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed the evidence shows that on July 8, 2004, Tucker entered a beverage store with another woman who identified herself as Starling Smith to cash a check made out to Starling Smith for $4,003. The woman said she did not have any identification, but Tucker had a driver's license. She told the owner that she understood that she would be responsible for the check if it were returned. Tucker and the other woman both endorsed the check. The woman endorsed the check as "Starling Smith." The store owner called the bank to verify the check, then cashed it. The owner said that he wrote down the tag number of the car the women arrived and left in, and that as they left "it looked like they were trying to swap money back and forth."

Approximately three weeks later he received an affidavit of forgery, after which he contacted Tucker who said she would pay for the check, but never did. In November, the owner turned the check over to police who talked with the real Starling Smith, an area pharmacist. Smith said that he had not received his monthly check from the Georgia Housing and Finance Authority, and that he had filed an affidavit of forgery for the $4,003 check. The officer called the number Tucker had left on the back of the check, and Tucker admitted that she had endorsed the check but said that the woman she assumed was Starling Smith said that she could not cash her check

because she did not have ID. Tucker said she told the woman that she would co-sign the check and use her ID. Tucker said that she was in the process of paying the check off, but the store owner said that he had waited long enough and Tucker was arrested for first degree forgery.

An intent to defraud, coupled with the possession of an altered writing and delivery thereof, is sufficient to prove forgery in the first degree. *Heard v. State*, 181 Ga. App. 803 (2) (354 SE2d 11) (1987). Although Tucker does not challenge the sufficiency of the evidence supporting the conviction of forgery in her brief, our review of the record shows that the evidence was sufficient to authorize the court's finding that Tucker was guilty beyond a reasonable doubt of forgery in that Tucker knowingly possessed, endorsed, and uttered the check belonging to Smith. See *Williams v. State*, 228 Ga. App. 622 (492 SE2d 290) (1997) (conviction for first degree forgery affirmed where the defendant tried to cash a stolen check).

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 5, 2007.

*Billy M. Grantham*, for appellant.
*Joseph K. Mulholland, District Attorney, Michael T. Garrett, Assistant District Attorney*, for appellee.

