A07A2291. HAYNES-TURNER et al. v. THE STATE.
(658 SE2d 203)

BERNES, Judge.

Charles Haynes-Turner, Vincent Germaine, and Gary Williams appeal their misdemeanor convictions for improper passing, arguing that the state's accusations were fatally defective. We find no merit in appellants' argument and affirm.

On June 4, 2006, a trooper with the Georgia State Patrol observed Haynes-Turner, Germaine, Williams and four other individuals driving motorcycles on the interstate "at an extreme[ly] high rate of speed." As the trooper activated his blue lights and siren and began pursuing the motorcycles, three of the drivers slowed down and heeded the trooper, but the appellants and a fourth individual accelerated and attempted to elude him. The trooper chose to continue after the four fleeing motorcycles and, in so doing, reached speeds in excess of 115 miles per hour.

At some point, the motorcycles exited the interstate and the fourth driver fled in a direction different from the appellants. The trooper continued to pursue the appellants, whose speed got as high as 120 miles per hour, despite the 45 and 55 mile per hour posted speed limits. Twice during the chase, the appellants crossed over double yellow barrier lines in no passing zones in order to pass other vehicles. When it began to rain, the appellants slowed to speeds of 85 to 90 miles per hour. The pursuit eventually ended when the trooper and additional law enforcement officers successfully blocked the road. The entire chase was captured on the trooper's vehicle-mounted video camera and was watched by the jury.

In their sole enumeration of error, the appellants claim the trial court erred when, during the course of trial, it denied their motion to quash the improper passing charges on the basis that the state's accusations failed to set out all of the essential elements of that crime. We disagree.

OCGA § 40-6-46 (a) provides that "every driver of a vehicle shall obey" signs or markings indicating no-passing zones.[1] A "no-passing zone" is defined as "those portions of any highway . . . marked by a solid barrier line placed on the right-hand element of a combination stripe along the center or lane line or by a solid double yellow line," which portion has been determined by either the Department of Transportation or local authority to be an area "where overtaking and passing or driving to the left side of the roadway would be especially hazardous." OCGA § 40-6-46 (a). The accusation in this case charged each of the appellants "with the offense of passing in a no passing zone; for that the said [appellants] did . . . , on or about the 4th day of June 2006, pass[ ] in an area where signs or markings are in place to define a no-passing zone, contrary to the laws of this state."

While the accusation in this case could have been more artfully drawn, the failure to do so did not render the accusation insufficient under Georgia law.[2]

> The test for determining the sufficiency of an indictment or accusation is not whether the [accusation] could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended

---

[1] OCGA § 40-6-46 (b) also provides that "[w]here signs or markings are in place to define a no-passing zone . . . , no driver shall at any time drive on the left side of the roadway within such no-passing zone or on the left side of any pavement striping designed to mark such no-passing zone throughout its length."

[2] To the extent that appellants' attack on the accusation can be read as a special demurrer, seeking greater specificity, it was waived by their failure to raise the issue within ten days after they pled to the accusation. OCGA § 17-7-110. See *Palmer v. State*, 282 Ga. 466, 468 (651 SE2d 86) (2007); *Roberts v. State*, 282 Ga. 548, 550 (4), n. 3 (651 SE2d 689) (2007).

to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Thus, if the accused can admit all the indictment or accusation or citation charges and still be innocent of having committed any offense, the indictment or accusation or citation is defective.

(Citation omitted.) *Phillips v. State*, 278 Ga. App. 198, 201-202 (2) (a) (628 SE2d 631) (2006). See also OCGA § 17-7-71 (c) ("Every accusation which states the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury shall be deemed sufficiently technical and correct.").

Here, the accusation both informed the appellants of the charges against them and protected them against another prosecution for the same offense. See OCGA §§ 17-7-71 (c); 40-6-46 (a), (b). Moreover, the appellants could not admit, as accused, that they passed in an area defined by markings as a no-passing zone contrary to the laws of this state without being guilty of the crime charged. Id. The accusation was thus not fatally defective. See *Roberts v. State*, 282 Ga. 548, 549-550 (4) (651 SE2d 689) (2007); *Phillips*, 278 Ga. App. at 201-202 (2) (a); *Staples v. State*, 199 Ga. App. 551, 552-553 (405 SE2d 551) (1991); *Broski v. State*, 196 Ga. App. 116, 117-118 (1) (395 SE2d 317) (1990). Compare *Ross v. State*, 235 Ga. App. 7, 8-9 (508 SE2d 424) (1998) (accusation of reckless driving was insufficient because it failed to allege that the defendant drove with reckless disregard for the safety of persons or property, a critical element of the crime charged).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 18, 2008.

*Head, Thomas, Webb & Willis, Jackie G. Patterson*, for appellants.

*Nina M. Baker, Solicitor-General*, for appellee.