### A08A1262. WILKES v. THE STATE.
(667 SE2d 705)

SMITH, Presiding Judge.

Alice Marie Wilkes was convicted of forgery in the first degree. She appeals, asserting as error the refusal of the trial court to give a requested charge, the admission of prior convictions for impeachment purposes, and the denial of her motion to quash. Finding no error, we affirm.

1. Wilkes first complains that the trial court erred in refusing to give her requested charge no. 17 with respect to the offense of negotiating a fictitious check. The charge conference was not reported. Wilkes argues that negotiating a fictitious check under OCGA § 16-9-21 is a lesser included offense of forgery and that therefore the trial court should have given her requested charge. Assuming without deciding that negotiating a fictitious check might in some instances constitute a lesser included offense of forgery, the trial court did not err in refusing to give the requested charge because it was not adjusted to the facts.

The requested charge stated in its entirety:

> It shall be unlawful for any person to print or cause to be printed checks, drafts, orders, or debit card sales drafts, drawn upon any financial institution. Should you find beyond a reasonable doubt that the defendant printed or caused to be printed the check in question and knew that said check was fictitious or counterfeit, then you would be authorized to find the defendant guilty of negotiating a

---

[9] See id.; *Chase*, supra; *Furlow v. State*, 276 Ga. App. 332, 334-335 (2) (623 SE2d 186) (2005).

fictitious check. If you do not find that the defendant printed or caused to be printed the check in question and knew that said check was fictitious or counterfeit, then you would be authorized to find the defendant not guilty of negotiating a fictitious check.

The manager in charge of the business account on which the check was purportedly drawn testified that the financial institution, account number, and telephone number on the check were all correct. No testimony was presented that "the account number, routing number, or other information printed on such check" was "in error, fictitious, or assigned to another." OCGA § 16-9-21 (a). The check in question, however, had originally been payable to another person in a much smaller amount.

No evidence was presented at trial that Wilkes printed or caused to be printed the check in question; in fact, the only evidence on the record regarding Wilkes's involvement with the check was her testimony that she received the check from an acquaintance who asked her to cash it for him, and that she endorsed it because it was made out in her name.

Several well-settled rules govern the denial of requests to charge in Georgia. A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If any portion of the request is inapt or incorrect, denial of the request is proper. A trial court does not commit error where it refuses to give a confusing or misleading instruction.

(Citations and punctuation omitted.) *Scott v. State*, 227 Ga. App. 625, 628 (2) (490 SE2d 104) (1997). The requested charge was not adjusted to the facts of the case, and the trial court did not err in refusing to give it.

2. Wilkes next complains that the trial court erred in admitting evidence of her prior felony convictions, citing *Adams v. State*, 284 Ga. App. 534 (644 SE2d 426) (2007) (physical precedent only). But as a decision which was not concurred in by all members of the panel on this point, *Adams* is not binding precedent. Court of Appeals Rule 33 (a). Also, *Adams* interpreted the provisions of OCGA § 24-9-84.1 (a) (3) to prohibit the admission in evidence of certain misdemeanor convictions not involving "dishonesty or making a false statement."[1]

---

[1] It appears that the trial court in fact followed the ruling in *Adams* by excluding from evidence a misdemeanor conviction that did not involve "dishonesty or making a false statement."

Id. at 537-541 (3). As the trial court correctly noted, however, the portion of the Code section discussed in *Adams* does not apply to felony convictions, which are governed in this case by the provisions of OCGA § 24-9-84.1 (a) (2). *Whitaker v. State*, 283 Ga. 521, 523 (2) (661 SE2d 557) (2008).

With respect to one certified copy of a conviction showing that Wilkes was indicted for, pled guilty to, and was sentenced for two felony and two misdemeanor offenses arising out of the same transaction, Wilkes argues that the misdemeanor charges should have been redacted. We disagree. Even if *Adams* were binding precedent, neither it nor OCGA § 24-9-84.1 (a) (2) requires redaction of portions of a validly admitted felony conviction. Furthermore, the trial court determined as required by OCGA § 24-9-84.1 (b) that "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." This enumeration of error therefore is without merit.

3. Finally, Wilkes contends that the trial court erred in denying her motion to quash. OCGA § 16-9-1 (a) provides:

> A person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing.

The accusation charged Wilkes

> with the offense of FORGERY — FIRST DEGREE, for that the said Accused in the County of Clayton and State of Georgia, on the 28th day of July, 2006, did, with the intent to defraud, knowingly possess a writing, check #15911, drawn on an account located at Heritage Bank, in such a manner, that the writing as made purports to have been made by one who did not give such authority and did utter such writing.

Wilkes argues that the form of the accusation was defective because it failed to identify the person "who did not give such authority." The trial court denied the motion as untimely, and further found that the accusation "tracks the language of the statute" and that it sufficiently placed Wilkes on notice of the charges against her.

"All exceptions which go merely to the form of an indictment or accusation shall be made before trial." OCGA § 17-7-113. "By failing

to file a demurrer before trial, [Wilkes] waived [her] right to a perfect indictment. Therefore, a motion to arrest judgment should be granted only if the indictment is absolutely void." (Citations omitted.) *Staples v. State*, 199 Ga. App. 551, 551-552 (405 SE2d 551) (1991).

> The test for determining the sufficiency of an indictment or accusation is not whether the accusation could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Thus, if the accused can admit all the indictment or accusation or citation charges and still be innocent of having committed any offense, the indictment or accusation or citation is defective.

(Citations and punctuation omitted.) *Haynes-Turner v. State*, 289 Ga. App. 652, 653-654 (658 SE2d 203) (2008). Moreover,

> this Court applies a harmless error test in order to determine if the alleged error has prejudiced the defendant. After a verdict, no prejudice being shown, it is enough that necessary facts appear in any form, or by fair construction can be found within the terms of the accusation.

(Citations and footnotes omitted.) *Buchanan v. State*, 264 Ga. App. 148, 151 (2) (589 SE2d 876) (2003).

In this case, the accusation quotes the language of the relevant Code section on this point and identifies the offense as forgery in the first degree. It further identifies the date and place of the offense as well as the bank on which the purported check was drawn and the check number. Wilkes cannot reasonably claim that this language was so insufficient that she was surprised by evidence at trial or was unable to prepare a defense, or that she risked future prosecution for the same offense. *Buchanan*, supra, 264 Ga. App. at 151 (2) (language charging defendant with driving under influence of unspecified drug neither insufficient nor creating risk of future prosecution). The challenge, at best, goes to the form of the accusation and should have been raised via special demurrer prior to trial. *Tucker v. State*, 283 Ga. App. 428-429 (641 SE2d 653) (2007).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 26, 2008.

*Robert L. Mack, Jr.*, for appellant.
*Jewel C. Scott, District Attorney, Holly W. Veal, Assistant District Attorney*, for appellee.