### A09A1774. CLEMENTS v. THE STATE.
(683 SE2d 127)

BLACKBURN, Presiding Judge.

Following a jury trial, Belinda Clements appeals her conviction of theft by shoplifting (felony),[1] arguing that the trial court erred in precluding her from impeaching a State witness with a prior misdemeanor conviction for theft by conversion, and in denying her motion for new trial that asserted ineffective assistance of counsel. Discerning no error, we affirm.

Construed in favor of the verdict, *Davis v. State*,[2] the evidence shows that Clements and two female relatives visited a local Wal-Mart store, where a Wal-Mart security employee saw them stuff goods into personal bags and exit without paying for the goods. Wal-Mart security personnel brought the three and the goods (exceeding $500 in value) to a room, where one of the relatives confessed to her personal role in the shoplifting.

The three were charged with felony theft by shoplifting. The accomplice who had confessed pled guilty and testified at Clements's trial that Clements helped plan the shoplifting and also helped stuff goods into the personal bags. The jury found Clements guilty, and she moved for a new trial, asserting ineffective assistance of counsel. The court denied the motion, giving rise to this appeal.

1. Clements first claims that the trial court erred in ruling that Clements could not impeach the testifying accomplice with a prior conviction of theft by conversion. We agree with the trial court.

OCGA § 24-9-84.1 (a) (3), enacted in 2005, provides: "Evidence that any witness or the defendant has been convicted of a crime shall be admitted if it involved dishonesty or making a false statement, regardless of the punishment that could be imposed for such offense." *Adams v. State*,[3] which is physical precedent only (see *Wilkes v. State*[4]), held that the language "dishonesty or making a false statement" meant the same as the federal rule which the Georgia statute tracked (see Federal Rules of Evidence Rule 609 (a) (2)).

---

[1] OCGA § 16-8-14 (b) (2).

[2] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

[3] *Adams v. State*, 284 Ga. App. 534, 537-541 (3) (644 SE2d 426) (2007) (physical precedent only).

[4] *Wilkes v. State*, 293 Ga. App. 724, 725 (2) (667 SE2d 705) (2008).

Citing federal cases as well as state cases with similar evidence rules, *Adams* concluded that theft was *not* a conviction involving dishonesty or false statement. Supra, 284 Ga. App. at 537-540 (3). Rather, crimes involving dishonesty or false statement would include

> crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

(Punctuation omitted.) Id. at 538 (3).

*Adams* went on to explain:

> In Georgia, prior to the enactment of OCGA § 24-9-84.1, a witness could be impeached by proof of general bad character or by proof that the witness had been convicted of a crime of moral turpitude. Under that rule, theft and shoplifting were considered crimes of moral turpitude. Instead of expressly codifying the existing law, the legislature adopted the language of the federal rule, thus using "dishonesty or false statement" instead of "moral turpitude." Had the legislature intended for the new law to be applied in the same manner as the existing law, it seems logical that it would have used the same language. We are persuaded by the reasoning of the Eleventh Circuit, other federal circuit courts and many state courts that, for impeachment purposes, crimes of "dishonesty" are limited to those crimes that bear upon a witness's propensity to testify truthfully.
>
> Our conclusion that the term "dishonesty" must be somewhat limited in this context is also guided by the fact that, under OCGA § 24-9-84.1 (a) (3), prior convictions involving dishonesty or making a false statement must be admitted, regardless of the punishment that could be imposed and without balancing the probative value of admitting the evidence against the prejudicial effect to the witness, as is required before admitting prior convictions under paragraphs (a) (1) and (a) (2) of the statute. In addition, several courts have recognized that although theft is not necessarily a crime of dishonesty or false statement, it may be admissible nonetheless if the crime was committed by fraudulent or deceitful means. The [party who seeks to use a misdemeanor conviction for impeachment] has the

burden of producing facts demonstrating that the particular conviction involved fraud or deceit. The [party here] did not produce any such facts in this case.

(Citations and footnotes omitted.) Id. at 539-540 (3).

We find such reasoning persuasive and therefore concur with *Adams* that a prior conviction for misdemeanor theft is not a crime involving dishonesty within the meaning of OCGA § 24-9-84.1 (a) (3), where the party seeking to use a theft conviction has not shown that the conviction involved fraud or deceit.

Here, Clements made no effort to show that the misdemeanor theft-by-conversion conviction, which she intended to use to impeach the accomplice who testified, involved fraud or deceit. Accordingly, the trial court did not err in excluding this conviction for use for impeachment purposes.

2. Clements contends that the trial court erred in denying her motion for new trial that was premised on a claim of ineffective assistance of counsel. Specifically, Clements argues that her "trial counsel did not prepare her to testify and advised her not to testify based on his erroneous belief she would be impeached by her prior convictions."

To prove her claim of ineffective assistance, Clements was required to

> show that counsel's performance was deficient and that the deficiency so prejudiced [Clements] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Clements] must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous.

(Citations omitted.) *Domingues v. State*.[5]

Clements's trial counsel testified that he had continuing discussions with Clements over several days regarding her right to testify. He advised Clements that she should not testify because (i) her testimony would add no new information to the trial, (ii) their strategy from the outset was to present no evidence (they did not want to give the State anything to attack), (iii) he feared that cross-examination of Clements based on a videotape of the shoplift-

---

[5] *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003).

ing would harm her defense, (iv) the State could then use her prior convictions for felony shoplifting against her, and (v) she had a better chance of being acquitted if she did not testify. Advice in the area of whether to testify "would fall within the ambit of trial strategy and, as such, generally not be subject to challenge." *Rogers v. State.*[6] Although Clements's prior convictions, which were older than ten years, may or may not have been actually admissible against her depending on findings the trial court would have made (see OCGA § 24-9-84.1 (b)), trial counsel's belief in this regard was only one of several reasons for his advice to not testify. Thus, evidence supported the trial court's finding that such advice was not deficient performance.

Clements's intimation that the trial court was required, on the record, to advise Clements directly of her right to testify is without merit. See *Bishop v. State.*[7] Clements, who was present when her counsel announced to the court that she would not be testifying, agreed with the decision not to testify. See *Blue v. State.*[8] "Because counsel made a reasoned recommendation to [Clements regarding whether to testify], which [Clements] accepted, the trial court did not err in denying this claim" for ineffective assistance of counsel. *Giddens v. State.*[9]

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED AUGUST 5, 2009.

*William J. Mason*, for appellant.

*Julia F. Slater, District Attorney, Jennifer E. Dunlap, Assistant District Attorney*, for appellee.

---

[6] *Rogers v. State*, 265 Ga. App. 628, 631 (2) (595 SE2d 326) (2004).

[7] *Bishop v. State*, 266 Ga. App. 129, 132 (3) (596 SE2d 674) (2004).

[8] *Blue v. State*, 275 Ga. App. 671, 676 (4) (621 SE2d 616) (2005).

[9] *Giddens v. State*, 276 Ga. App. 353, 357 (3) (b) (623 SE2d 204) (2005).