## A11A2291. HOGUES v. THE STATE.
(722 SE2d 430)

MCFADDEN, Judge.
Aloysius Ignatius Hogues appeals from his conviction for felony theft by receiving stolen property. Because the evidence was sufficient to support the conviction and the trial court did not err in admitting Hogues's prior felony convictions to impeach him, we affirm.

1. When an appellant challenges the sufficiency of the evidence to support the conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia*, 443 U. S 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence showed that Laurel Mason employed a residential cleaning service during the summer of 2006. The owner of the cleaning service sometimes brought Hogues with her to clean Mason's house, including in July and August 2006.

In July 2006, Mason could not locate a ruby and diamond ring, which she thought she had misplaced. The following month, on a day when Hogues had been in the house cleaning, Mason noticed that a second ring was missing; she had worn that ring the previous evening. Mason then began looking for a third ring, which she determined also was missing.

Mason's husband notified both the police and the cleaning service owner about the missing rings. The cleaning service owner confronted Hogues, who showed her a ruby and diamond ring but claimed that it belonged to him, not Mason. Because the ring that Hogues showed her matched the description of one of the missing rings, the cleaning service owner notified the police, who took custody of the ring. Mason's husband recovered the ring from the police and at trial identified it as belonging to Mason. An appraiser estimated its value at $5,200.

Hogues testified at trial that the ring he showed the cleaning service owner was his property, that he had purchased it at a store in a shopping mall in 2002 or 2003, and that it was not the same ring as that identified by Mason's husband at trial. A friend of Hogues also testified that Hogues had purchased a ruby and diamond ring that was different than the ring identified at trial.

> A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means acquiring possession or control or lending on the security of the property.

OCGA § 16-8-7 (a). A person convicted of this offense may be punished as for a felony if the property which was the subject of the theft exceeded $500 in value. OCGA § 16-8-12 (a) (1).

Contrary to Hogues's arguments, the jury was authorized to find

beyond a reasonable doubt that a ruby and diamond ring exceeding $500 in value had been stolen from Mason's house, that Hogues had acquired possession of it, and that he knew or should have known it was stolen. See *DeLong v. State*, 270 Ga. App. 173, 174 (1) (606 SE2d 107) (2004). Although Hogues asserted that the ring found in his possession did not belong to Mason, this was a question for the jury as the trier of fact, and the jury had no obligation to believe Hogues's claim. See id. at 174-175 (1).

2. Hogues argues that the court erred in admitting prior felony convictions to impeach him. Pursuant to OCGA § 24-9-84.1 (a) (2),

> [f]or the purpose of attacking the credibility of . . . the defendant, if the defendant testifies . . . [e]vidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant.

The trial court must make express findings regarding the balancing test prescribed in the statute. *Carter v. State*, 303 Ga. App. 142, 145 (2) (692 SE2d 753) (2010); *Quiroz v. State*, 291 Ga. App. 423, 428 (4) (662 SE2d 235) (2008).

(a) Hogues argues that the trial court did not conduct the proper balancing test or make the required statutory findings on the record. We disagree. When the prior conviction evidence was introduced at trial, the court found that "the probative value of admitting the evidence outweigh[ed] its prejudicial effect." In its order denying Hogues's motion for new trial, however, the court found that "the probative value of each of the convictions *substantially* outweighed any prejudicial effect and the convictions were properly admitted." (Emphasis supplied.) The court also made findings in that order regarding the kind of felonies involved in the prior convictions, the dates of the prior convictions, and the importance of Hogues's credibility in the case. See *Quiroz*, 291 Ga. App. at 428 (4). "[A]s long as the trial court makes express findings on this issue [of the prior convictions' admissibility], *even if made in an order on a motion for new trial*, . . . the intent of OCGA § 24-9-84.1 is satisfied." (Emphasis supplied.) *Carter*, 303 Ga. App. at 146 (2).

(b) Citing *Clements v. State*, 299 Ga. App. 561 (683 SE2d 127) (2009), Hogues also argues that the court "should have deemed the convictions inadmissible" under OCGA § 24-9-84.1 because the crimes involved in the prior convictions (burglary and criminal damage to property) did not involve dishonesty. *Clements*, however,

concerned whether a prior misdemeanor conviction could be used to attack a witness's credibility under OCGA § 24-9-84.1 (a) (3), which provides that such conviction shall be admitted if the crime "involved dishonesty or making a false statement, regardless of the punishment that could be imposed for such offense." See *Clements*, 299 Ga. App. at 561-562 (1). But OCGA § 24-9-84.1 (a) (2), which applies to prior felony convictions such as those at issue in this case, does not require that the crimes involve dishonesty or making a false statement. See *Whitaker v. State*, 283 Ga. 521, 522-523 (2) (661 SE2d 557) (2008); *Wilkes v. State*, 293 Ga. App. 724, 725-726 (2) (667 SE2d 705) (2008). And we find no abuse of discretion in the court's determination, under the circumstances of this case, that the probative value of evidence of the prior convictions substantially outweighed their prejudicial effect. See *Hopkins v. State*, 309 Ga. App. 298, 300 (1) (709 SE2d 873) (2011) (defendant charged with theft failed to show that court abused its discretion in admitting evidence of prior burglary conviction, where defendant's credibility as to his intent to commit crime was highly relevant to jury's decision).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JANUARY 26, 2012.

*Clark & Towne, Jessica R. Towne*, for appellant.
*Daniel J. Porter, District Attorney, Teresa B. Klein, Assistant District Attorney*, for appellee.